RECEIVED & FILED
CLERK'S OFFICE
MAY 0 4 2026
US DISTRICT COURT
SAN JUAN, PR

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> **KYRIA VIERA-MÉNDEZ,** <br> Defendant. | CRIMINA NO. 25-468 (ADC) <br> & <br> INFORMATION CRIMINAL <br> NO. 26-179 (ADC) |

## PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, **KYRIA VIERA-MÉNDEZ** and

Defendant's counsel, Miguel Oppenheimer, Esq., pursuant to Federal Rule of Criminal

Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of

which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to waive the filing of an Indictment and agrees to plead guilty to

**COUNT ONE** of the Information:

On or about **June 16, 2025**, in the District of Puerto Rico and within the jurisdiction

of this Court, the defendant, (1) KYRIA VIERA-MÉNDEZ, **did knowingly conspired with**

**other persons known and unknown to the United States**, to possess **one 9mm Glock pistol,**

**Model 26, bearing serial number AEZV331** in furtherance of a drug trafficking crime for

which she may be prosecuted in a court of the United States, to wit: possess with intent to

distribute a mixture or substance containing a detectable amount of marijuana pursuant




to Title 21, *United States Code*, Section 841(a)(1) and (b)(1)(D). All in violation of 18 U.S.C. § 924(o).

## 2. Maximum Penalties

The maximum penalty for the offense charged in **COUNT ONE** of the Information is a term of imprisonment of up twenty (20) years pursuant to 18 U.S.C. § 924(o)); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment




Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The

United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.



| Sentencing Guidelines Calculations Table<br>**Information**<br>18 USC § 924(o)<br>(Conspiracy to possess a firearm in furtherance of and use and carry firearms during and, in relation to a drug trafficking offense ) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Base Offense Level U.S.S.G. § 2K2.1 (a)(7) | | | | | | | | 12 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1 (a)&(b) | | | | | | | | -2 |
| TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level | 10 |
| 10 | 006-012 | 008-014 | 010-016 | 015-021 | 021-027 | 024-030 | | |

## 8. Sentence Recommendation

As to **Count ONE** and after due considerations of the relevant factors enumerated in 18U.S.C. § 3553(a), the parties will make a joint recommendation of **12 months** of imprisonment on **COUNT ONE**. At sentencing, the United States will move to dismiss the remaining counts of the Indictment of criminal case 25-468 (ADC) pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. This recommendation is based on a total offense level of 10 and assumes that the defendant falls within Criminal History Category I to III. If defendant's Criminal History Category is IV or higher, the parties agree to a recommendation at the lower end of the Guidelines.



The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant and the sentences joint recommendation was made regardless of criminal history.

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is ~~twenty-four (24)~~ twelve 12 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by the parties. The parties agree that any request by the parties for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement. If such request is by Defendant, the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, _Miguel Oppenheimer_ Esq., and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.



## 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or

representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing, provided that the Defendant has fully complied with all terms and conditions of this Plea Agreement, the United States shall move to dismiss any remaining counts of the Information pending against the Defendant. The United States shall further move to dismiss all counts charged in Criminal Case Number 25-468 against the Defendant in that case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver





Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Information,

Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 23. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest in any firearms and ammunition involved or used in the commission of the offense. This includes but is not limited to a firearm, that is **one 9mm Glock pistol, Model 26, bearing serial number AEZV331, loaded with 11 rounds of 9mm caliber ammunitions**.



### 24. Forfeiture Provision

Pursuant to this Plea Agreement, the defendant agrees to forfeit to the United States any drug proceeds or substitute assets for that amount, which constitutes or is derived from proceeds generated or traceable to the drug trafficking offense in violation of 21 U.S.C. §§841, 846 and 860. Further, defendant shall forfeit to the United States any property constituting,

or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations up to the amount stated above. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. Defendant agrees to forfeit to the United States all the defendant's interests in any asset of a value of more than $1,000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives  any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes

an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

*Space Intentionally Left Blank*

*Continued On Next Page*



Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture in not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

W. STEPHEN MULDROW
United States Attorney

Alberto López-Rocafort
Assistant U.S. Attorney
Deputy Chief, Gang Section
Dated: 4/30/2026

Miguel Oppenheimer, Esq.
Counsel for Defendant
Dated: 5/4/2026

Daphne Cordero Guilloty
Assistant U.S. Attorney
Gang Section
Dated: 5/4/2026

Kyria Viera-Méndez
Defendant
Dated: 5/4/2026

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: __5\4\2026__          _Kyria M. Viera Méndz_
                                    Kyria Viera-Méndez
                                    Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines, and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant enters into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: __5\4\2026__          _____
                                    Miguel Oppenheimer
                                    Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant, **KYRIA VIERA -MÉNDEZ** admits that Defendant is guilty as charged in **Count One** the Information and admits the following:

On June 16, 2025, PRPB Strikeforce Agents conducted a traffic stop of the 2008 Honda Accord, bearing Puerto Rico license plate number HFL644 on Interstate 30, KM. 25.3 in Humacao, PR.   A PRPB Strikeforce Agent approached the vehicle and detected two occupants inside, they were later identified as Sánchez-Soto (driver) and Viera-Méndez (passenger).   The PRPB Agent explained to Sánchez-Soto, he stopped him for violating the Puerto Rico vehicle and traffic law # 22, Article 10.05 for using tinted glass on his vehicle windshields and windows which did not allow one to see through it.

During the vehicle stop, another the PRPB Agent who was assisting the PRPB Agent, on the passenger side, perceived a strong scent as the odor of marihuana emanating from inside the vehicle and immediately notified the other PRPB Agent, who then ask Jonathan Sánchez-Soto, and Kyria Viera-Méndez to step out of the vehicle.

PRPB Strikeforce Agents then requested the assistance of a PRPB K-9 Unit to conduct a free air sniff of the outside of the vehicle for the presence of drugs.   PRPB K-9 Lajhar # 34334, a drug detection K9 and its handler responded to the scene.   They arrived at the area just five minutes later. During the inspection, K-9 Lajhar alerted to the presence of drugs inside the vehicle.   As a result, PRPB Strikeforce Agents requested assistance from the PRPB Technical Services Unit (TSU) to take photographs of the scene and seal the vehicle. PRPB Strikeforce personnel then transported the vehicle on a tow truck to the HSI Fajardo Field Office in Humacao, PR for safeguarding and additional investigation.



On June 18, 2025, HSI Fajardo Agents applied for and obtained a federal search and

seizure warrant for the 2008 Honda Accord, bearing Puerto Rico license plate number HFL644.   PRPB Strikeforce Agents assisted HSI Fajardo Agents with the execution of the federal search and seizure warrant at the HSI Fajardo Field Office. Jonathan Sánchez-Soto, and his wife, Kyria Viera-Méndez were also present at the time the SW was served.

During the search of the vehicle, HSI Fajardo and PRPB Strikeforce Agents found two fully loaded handguns.   The handguns are further described as one .9 mm caliber Glock pistol, model 43X, bearing serial number BZDP572, belonging and registered to Sánchez-Soto, and one .9 mm caliber Glock pistol, Model 26, bearing serial number AEZV331, belonging and registered to Viera-Méndez.   Both firearms were loaded with one round in the chamber and a full magazine.   PRPB Strikeforce Agents also retrieved from the vehicle six .9 mm caliber Glock pistol magazines and a total of 77 rounds of .9 mm caliber ammunition. Record checks in the PRPB firearms registry revealed Sánchez-Soto and Viera-Méndez were both issued the required firearms permits under their names that allowed them to carry the above-mentioned firearms.

For the purpose of this plea agreement the defendant acknowledge that on June 16, 2025, she **knowingly conspired with other persons known and unknown to the United States**, to possess **one 9mm Glock pistol, Model 26, bearing serial number AEZV331** in furtherance of a drug trafficking crime for which she may be prosecuted in a court of the United States.

At trial, the United States would have proven beyond a reasonable doubt that defendant **KYRIA VIERA-MÉNDEZ** is guilty as charged in **COUNT ONE** of the Information by presenting physical and documentary evidence, photographs, testimony of a

forensic chemist as an expert witness, as well as the testimony of law enforcement agents among others.

Discovery was timely made available to Defendant for review.

_____
Daphne Cordero-Guilloty
Special Assistant U.S. Attorney
Dated: _____5|4|2026_____

_____
Miguel Oppenheimer, Esq.
Counsel for Defendant
Dated: _____5|4|2026_____

_____
Kyria Viera-Méndez
Defendant
Dated: _____5|4|2026_____

DPR